UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| WAYLAND DEE KIRKLAND,<br><br>                    Petitioner,<br><br>      v.<br><br>C. E. FINN,<br><br>                    Respondent. | CASE NO. C07-507BHS<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on the Petition for Writ of Habeas Corpus (Dkt. 1). The Court has considered the petition, the answer, and the remainder of the file and hereby orders the parties to show cause for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 2000, Petitioner was convicted of violating California Penal Code § 69, resistance by use of force or violence. Dkt. 11, Ex. 1. On July 10, 2003, he was released on parole. *Id*., Ex. 2. On December 14, 2005, Petitioner's parole was revoked for a period of twelve months. *Id*., Exh. 3. In July of 2006, Petitioner's parole was again revoked and a six-month extension of confinement was ordered. *Id*., Exh. 2.

On March 15, 2007, Petitioner filed the Petition for Writ of Habeas Corpus. Dkt. 1. On June 4, 2007, Respondent answered. Dkt. 11. Petitioner did not file a traverse.

ORDER - 1

On April 7, 2007, Petitioner was released on parole. Dkt. 11, Exh. 2. Respondent claims that Petitioner is currently serving a three-year parole period pursuant to California Penal Code sections 3000(b)(1) and 3000(b)(5). Dkt. 11 at 2.

On July 25, 2007, Petitioner filed a Notice of Change of Address to 2980 Coloma Street #27, Placerville, CA 95667. Dkt. 12.

## II. DISCUSSION

A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In order to satisfy the case-or-controversy requirement, the parties must have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir.), *cert. denied*, 534 U.S. 878 (2001). Once the term of confinement expires, some "collateral consequence" of that conviction or confinement must exist if the suit is to be maintained. *Spencer*, 523 U.S. at 7. Collateral consequences cannot be presumed from a petitioner's parole revocation. *Id*. at 14.

In this case, Petitioner is challenging the revocation of his parole and the invocation of a one-year sentence of confinement. Dkt. 1 at 1. Petitioner, however, has served this sentence of confinement and has been released from custody. Dkt. 11, Exh. 2; *see also* Dkt. 12 (notice of change of address). Thus, the Court will not presume that the revocation of Petitioner's parole is sufficient collateral consequences such that Petitioner has a personal stake in the outcome of this petition. Moreover, Petitioner has failed to develop the record as to his personal stake in the outcome. In fact, Petitioner has even failed to file a traverse in this matter. Therefore, the Court orders the parties to show cause, if any they have, why this matter meets the threshold jurisdictional requirement of an actual case or controversy.

## III. ORDER

Therefore, it is hereby

1  **ORDERED** that the parties may **SHOW CAUSE**, if any they have, why there is
2  an actual case or controversy in this matter.  A party may respond to this order in a brief
3  no longer than 10 pages, no later than March 4, 2009.  Failure to show cause as to the
4  threshold question of jurisdiction may result in **DISMISSAL** of this petition.
5  DATED this 17th day of February, 2009.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge

ORDER - 3