UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

WAYLAND DEE KIRKLAND,

    Petitioner,

v.

C. E. FINN,

    Respondent.

CASE NO. C07-507BHS

ORDER ON PETITION FOR
WRIT OF HABEAS CORPUS

This matter comes before the Court on the Petition for Writ of Habeas Corpus (Dkt. 1) and the Court's Order to Show Cause (Dkt. 15). The Court has considered the petition, the answer, and the remainder of the file and hereby denies the petition for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 21, 2000, Petitioner was convicted of violating California Penal Code § 69, resistance by use of force or violence. Dkt. 11, Ex. 1. On July 10, 2003, he was released on parole. *Id.*, Ex. 2. On December 14, 2005, Petitioner's parole was revoked for a period of twelve months. *Id.*, Exh. 3. In July of 2006, Petitioner's parole was again revoked and a six-month extension of confinement was ordered. *Id.*, Exh. 2.

On March 15, 2007, Petitioner filed the Petition for Writ of Habeas Corpus. Dkt. 1. On June 4, 2007, Respondent answered. Dkt. 11. Petitioner did not file a traverse.

1    On April 7, 2007, Petitioner was released on parole. Dkt. 11, Exh. 2. Respondent claims that Petitioner is currently serving a three-year parole period pursuant to California Penal Code sections 3000(b)(1) and 3000(b)(5). Dkt. 11 at 2.

On July 25, 2007, Petitioner filed a Notice of Change of Address to 2980 Coloma Street #27, Placerville, CA 95667. Dkt. 12.

On February 18, 2009, the Court ordered the parties to show cause, if any they had, whether there was an actual case or controversy in this matter. Dkt. 15. On February 27, 2009, Respondent replied to the Court's order. Dkt. 16.

## II. DISCUSSION

A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In order to satisfy the case-or-controversy requirement, the parties must have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir.), *cert. denied*, 534 U.S. 878 (2001). Once the term of confinement expires, some "collateral consequence" of that conviction or confinement must exist if the suit is to be maintained. *Spencer*, 523 U.S. at 7. Collateral consequences cannot be presumed from a petitioner's parole revocation. *Id.* at 14.

In this case, Petitioner is challenging the revocation of his parole and the invocation of a one-year sentence of confinement. Dkt. 1 at 1. Petitioner, however, has served this sentence of confinement and has been released from custody. Dkt. 11, Exh. 2; *see also* Dkt. 12 (notice of change of address). Thus, the Court will not presume that the revocation of Petitioner's parole is sufficient collateral consequences such that Petitioner has a personal stake in the outcome of this petition. Moreover, Petitioner has failed to develop the record as to his personal stake in the outcome. In fact, Petitioner has even failed to file a traverse in this matter and did not respond to the Court's order to show cause whether there was an actual case or controversy in this matter. Respondent claims that Petitioner has completed his period of parole and was discharged from parole

supervision on August 4, 2007. Dkt. 16, Exh. 1. Therefore, Petitioner has failed to show collateral consequences of his parole revocation and his Petition for Writ of Habeas Corpus is moot.

## III. ORDER

Therefore, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

DATED this 11th day of March, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3